**UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| CATHERINE COFFMAN, | ) Case No. _____ |
| Plaintiff, | ) |
| v. | ) **COMPLAINT FOR VIOLATIONS OF** |
| | ) **THE FEDERAL SECURITIES LAWS** |
| HAYNES INTERNATIONAL, INC., | ) |
| ROBERT H. GETZ, MICHAEL L. SHOR, | ) |
| DAWNE S. HICKTON, LARRY O. | ) **JURY TRIAL DEMANDED** |
| SPENCER, ALICIA MASSE, and BRIAN | ) |
| R. SHELTON, | ) |
| Defendants. | ) |

Plaintiff Catherine Coffman ("Plaintiff"), by and through her undersigned counsel, for her complaint against defendants, alleges upon personal knowledge with respect to herself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

**NATURE AND SUMMARY OF THE ACTION**

1.      This is a stockholder action brought by Plaintiff against Haynes International, Inc. ("Haynes" or the "Company") and the members of Haynes's Board of Directors (the "Board" or the "Individual Defendants") for their violations of Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(a), 78t(a), and U.S. Securities and Exchange Commission ("SEC") Rule 14a-9, 17 C.F.R. §240.14a-9 ("Rule 14a-9"), in connection with the Board's attempt to sell Haynes to Acerinox, S.A. ("Acerinox") through its affiliates (the "Proposed Transaction").

2.      On February 4, 2024, Haynes entered into an Agreement and Plan of Merger with North American Stainless, Inc. ("Parent"), a wholly owned subsidiary of Acerinox, and Parent's wholly owned subsidiary, Warhol Merger Sub, Inc. ("Merger Sub") (the "Merger Agreement").

Pursuant to the terms of the Merger Agreement, Acerinox will acquire Haynes for $61.00 in cash per share of Haynes common stock.

3.      On March 18, 2024, the Board authorized the filing of the materially incomplete and misleading Schedule 14A Definitive Proxy Statement (the "Proxy Statement") with the SEC. Specifically, the Proxy Statement, which recommends that Haynes stockholders vote their shares in favor of the Proposed Transaction, contains materially incomplete and misleading information concerning, among other things: (i) the Company's financial projections; (ii) the financial analyses that support the fairness opinion provided by the Company's financial advisor Jefferies LLC ("Jefferies"); and (iii) potential conflicts of interest faced by Company insiders.

4.      The failure to adequately disclose such material information constitutes a violation of Sections 14(a) and 20(a) of the Exchange Act as Haynes stockholders need such information in order to make a fully informed decision in connection with the Proposed Transaction.

5.      The special meeting for Haynes stockholders to vote on the Proposed Transaction is currently scheduled for April 16, 2024.  It is imperative that such Exchange Act violations are promptly cured to enable Plaintiff and Haynes's other shareholders to make an informed decision whether to vote their shares in favor of the Proposed Transaction.  Therefore, Plaintiff seeks to enjoin the stockholder vote unless and until such Exchange Act violations are cured.

## JURISDICTION AND VENUE

6.      This Court has jurisdiction over the claims asserted herein for violations of Sections 14(a) and 20(a) of the Exchange Act and SEC Rule 14a-9 promulgated thereunder pursuant to Section 27 of the Exchange Act, 15 U.S.C. § 78aa, and 28 U.S.C. § 1331 (federal question jurisdiction).

7.      This Court has jurisdiction over the defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

8.      Venue is proper under 28 U.S.C. § 1391 because defendants are found or are inhabitants or transact business in this District.

## THE PARTIES

9.      Plaintiff is, and has been at all relevant times, the owner of shares of Haynes common stock.

10.      Defendant Haynes is a Delaware corporation, with its principal executive offices located at 1020 W. Park Avenue, P.O. Box 9013, Kokomo, Indiana, 46904-9013.  Haynes's shares trade on the Nasdaq Global Select Market under the ticker symbol "HAYN."

11.      Defendant Robert H. Getz has been Chairman of the Board and a director of the Company at all relevant times.

12.      Defendant Michael L. Shor has been President, Chief Executive Officer, and a director of the Company at all relevant times.

13.      Defendant Dawne S. Hickton has been a director of the Company at all relevant times.

14.      Defendant Larry O. Spencer has been a director of the Company at all relevant times.

15.      Defendant Alicia Masse has been a director of the Company at all relevant times.

16.      Defendant Brian R. Shelton has been a director of the Company at all relevant times.

17.     Defendants identified in paragraphs 11-16 are collectively referred to herein as the

"Board" or the "Individual Defendants."

**SUBSTANTIVE ALLEGATIONS**

**Background of the Company**

18.     Haynes develops, manufactures, markets, and distributes nickel and cobalt-based

alloys in sheet, coil, and plate forms in the United States, Europe, China, and internationally.  The

Company offers high-temperature resistant alloys used by manufacturers of equipment, including

jet engines for the aerospace market, gas turbine engines for power generation, and industrial

heating equipment.  Haynes also provides corrosion-resistant alloys used in various applications,

including chemical processing, power plant emissions control, and hazardous waste treatment.

The Company's products also have applications in flue-gas desulfurization, oil and gas, waste

incineration, industrial heat treating, automotive, thermocouples, sensors and instrumentation,

biopharmaceuticals, solar, and nuclear fuel, among others.  Haynes sells its products primarily

through direct sales organizations, and a network of independent distributors and sales agents.

**The Proposed Transaction**

19.     On February 5, 2024, Haynes announced that it had entered into the Proposed

Transaction, stating, in relevant part:

> **KOKOMO, Ind., Feb. 05, 2024** -- Haynes International, Inc. (NASDAQ GM:HAYN) ("Haynes" or the "Company") a leading developer, manufacturer and marketer of technologically advanced high-performance alloys, today announced it has entered into a definitive agreement to be acquired by North American Stainless, a wholly owned subsidiary of Acerinox, in an all-cash transaction valuing the Company at an enterprise value of approximately $970 million and representing a multiple of 12.3x fiscal 2023 EBITDA.
>
> Under the terms of the agreement, North American Stainless will acquire all the outstanding shares of Haynes for $61.00 per share in cash, which represents a premium of approximately 22% to Haynes' six-month volume-weighted average share price for the period ending February 2, 2024.  As part of this transaction,

4

Acerinox has committed to investing an additional $200 million into its U.S. operations, including $170 million into Haynes' operations.

Headquartered in Madrid, Spain, Acerinox is a global leader in manufacturing stainless-steel and high-performance alloys and its subsidiary, North American Stainless, is the largest fully integrated stainless-steel company in the U.S.

**Key Benefits**

- **Delivers Significant Value to Haynes Stockholders:** Haynes stockholders will receive $61.00 per share in cash, which represents a premium of approximately 22% to Haynes' six-month volume-weighted average share price for the period ending February 2, 2024.

- **Ensures the Long-Term Success of Haynes:** This transaction validates the strength of the Haynes business and best positions the Company to achieve its growth targets while providing access to Acerinox's healthy balance sheet, deep expertise and valuable relationships.

- **Additional Investment Facilitates Continued Growth and Innovation:** The $170 million investment in Haynes' operations will support the continued growth of the Company's business in both flat and round products for a global market.

- **Improves Ability to Meet Customer Demand:** This investment will best position Haynes to continue to innovate, increase manufacturing capacity and offer more highly differentiated products, applications and services, with faster lead-times to meet the dynamic needs of its customers.

- **Builds on Rich Heritage:** The transaction combines Haynes' strong foundation and leadership position in high-performance alloys established over the past 112 years with the largest fully integrated stainless-steel company in the U.S.

"We are excited to announce this combination and are confident that this is the right step to ensure the long-term success of Haynes, while maximizing value for our stockholders," said Michael L. Shor, President and Chief Executive Officer of Haynes. "By joining with Acerinox, we will be able to continue to grow and enhance our operations, especially with the additional $200 million investment into the combined company's U.S. operations, including $170 million into our operations with the vast majority invested in Kokomo, Indiana. We look forward to our people and our local communities realizing the benefits of this transaction."

"This transaction provides a highly attractive value for our Company and our stockholders, and is a direct result of Haynes' continued innovation and business accomplishments under the leadership of Michael Shor, his team and our dedicated

workforce," said Robert H. Getz, Chairman of the Board of Haynes. "Acerinox is a great partner for the future of Haynes with access to additional capital, resources and expertise to continue to build on our existing momentum."

The transaction, which has been unanimously approved by the board of directors of both companies, is expected to close in the third calendar quarter of 2024, subject to satisfaction of customary closing conditions, including receipt of regulatory approval and approval by Haynes stockholders.   Upon completion of the transaction, Haynes shares will cease trading on the Nasdaq stock exchange.

**Advisors**

Jefferies LLC is serving as exclusive financial advisor to Haynes and Kirkland & Ellis LLP is serving as legal counsel to Haynes.

**The Materially Incomplete and Misleading Proxy Statement**

20.      On March 18, 2024, the Board caused to be filed a materially incomplete and misleading Proxy Statement with the SEC.  The Proxy Statement, which recommends that Haynes stockholders vote their shares in favor of the Proposed Transaction, fails to disclose material information to Company stockholders, or provides them with materially misleading information, concerning: (i) the Company's financial projections; (ii) the financial analyses that support the fairness opinion provided by the Company's financial advisor Jefferies; and (iii) potential conflicts of interest faced by Company insiders.

*Material Misrepresentations and/or Omissions Concerning the Financial Projections for Haynes*

21.      The Proxy Statement fails to disclose material information concerning the financial projections for the Company.

22.      Critically, the Proxy Statement fails to disclose the unlevered free cash flows that the Company was forecasted to generate during the calendar years ending December 31, 2024, through December 31, 2028, relied upon by the Board's financial advisor Jefferies in connection with its *Discounted Cash Flow Analysis*.  A discounted cash flow analysis is considered the premier and most reliable valuation tool that a banker can employ in a merger context, because

management's own internal projections (typically cash flows or unlevered free cash flows) are the core component of the analysis.[1]  The unlevered free cash flows formed the basis of the *Discounted Cash Flow Analysis* of Haynes that Jefferies performed in connection with its fairness opinion. *See* Proxy Statement at 42.

23.     The Proxy Statement includes a summary of certain of Haynes management's financial projections for fiscal years ending 2024 through 2028.  *See id.* at 45.  Yet, for each of Company management's "September Projections" and "December Projections," this summary fails to include the most important projections – the Company's unlevered free cash flows.  The Proxy Statement further fails to disclose how the unlevered free cash flows were calculated and the underlying line items.  The omission of the unlevered free cash flows and underlying line items renders the projections on page 45 and the summary of Jefferies' *Discounted Cash Flow Analysis* of Haynes set forth on page 42 of the Proxy Statement incomplete and misleading, because the Proxy Statement provides a materially incomplete and misleading valuation picture of the Company.

24.     In addition, with respect to each of the "September Projections" and "December Projections," the Proxy Statement fails to disclose all line items underlying the Company's Adjusted EBITDA and EBITDA.

---

[1] *See, e.g., Onti, Inc. v. Integra Bank*, 751 A.2d 904, 916 n.53 (Del. Ch. 1999) (indicating that the Delaware Chancery Court has employed the discounted cash flow analysis method as a method of valuation and that experts consider it to be the preeminent method of valuation); *Neal v. Alabama By-Products Corp.,* C.A. No. 8282, 1990 Del. Ch. LEXIS 127, at *20 (Del. Ch. Aug. 1, 1990) (noting that experts consider the discounted cash flow analysis method to be the preeminent method of valuation).

25.     The Proxy Statement also fails to disclose a summary of Company management's long-range financial projections provided to parties in connection with the 2022 strategic process, as approved by the Board at its September 13, 2022, Board meeting. *See id.* at 23.

*Material Misrepresentations and/or Omissions Concerning Jefferies' Financial Analyses*

26.     The Proxy Statement fails to disclose material information concerning Jefferies' financial analyses.

27.     With respect to Jefferies' *Discounted Cash Flow Analysis*, in addition to the unlevered free cash flows used in the analysis, the Proxy Statement fails to disclose a quantification of: (i) the Company's estimated through-the-cycle EBITDA; (ii) the Company's terminal values; (iii) the inputs and assumptions underlying the discount rates ranging from 10.75% to 12.75%; (iv) net debt and unfunded pension and other post-employment benefit liabilities; and (v) the Company's fully diluted outstanding shares.

28.     With respect to Jefferies' *Selected Public Companies Analysis*, the Proxy Statement fails to disclose: (i) the individual multiples and financial metrics for each of the selected companies analyzed by Jefferies; and (ii) the Company's fully diluted outstanding shares.

29.     With respect to Jefferies' *Selected Transactions Analysis*, the Proxy Statement fails to disclose: (i) the individual multiples and financial metrics for each of the selected transactions analyzed by Jefferies; (ii) the Company's net debt; and (iii) the Company's fully diluted outstanding shares.

*Material Misrepresentations and/or Omissions Concerning Company Insiders' Potential Conflicts of Interest*

30.     The Proxy Statement fails to disclose material information concerning potential conflicts of interest faced by Company insiders.

31.     Specifically, the Proxy Statement fails to disclose whether any of Acerinox's proposals or indications of interest mentioned management retention in the combined company following the Proposed Transaction or the purchase of or participation in the equity of the surviving corporation, as well as well as the details of any communications related to Company insiders' participation in the post-close company.

32.     In sum, the omission of the above-referenced information renders statements in the "Certain Financial Projections," "Opinion of the Company's Financial Advisor," "Background of the Merger," and "Interests of the Company's Directors and Executive Officers in the Merger" sections of the Proxy Statement materially incomplete and misleading in contravention of the Exchange Act.  Absent disclosure of the foregoing material information prior to the stockholder vote, Plaintiff and the other stockholders of Haynes will be unable to make a sufficiently informed decision in connection with the Proposed Transaction and are thus threatened with irreparable harm warranting the injunctive relief sought herein.

## CLAIMS FOR RELIEF

### COUNT I

**Claims for Violation of Section 14(a) of the Exchange Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and Haynes**

33.     Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

34.     The Individual Defendants disseminated the false and misleading Proxy Statement, which contained statements that, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially misleading, in violation of Section 14(a) of the Exchange Act and Rule 14a-9.  Haynes is liable as the issuer of these statements.

35.     The Proxy Statement was prepared, reviewed, and/or disseminated by the Individual Defendants.  By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Proxy Statement.

36.     The Individual Defendants were at least negligent in filing the Proxy Statement with these materially false and misleading statements.

37.     The omissions and false and misleading statements in the Proxy Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction.  In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Proxy Statement and in other information reasonably available to stockholders.

38.     The Proxy Statement is an essential link in causing Plaintiff and the Company's stockholders to approve the Proposed Transaction.

39.     By reason of the foregoing, defendants violated Section 14(a) of the Exchange Act and Rule 14a-9 promulgated thereunder.

40.     Because of the false and misleading statements in the Proxy Statement, Plaintiff is threatened with irreparable harm.

## COUNT II

**Claims for Violation of Section 20(a) of the Exchange Act**
**Against the Individual Defendants**

41.     Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

42.     The Individual Defendants acted as controlling persons of Haynes within the meaning of Section 20(a) of the Exchange Act as alleged herein.  By virtue of their positions as officers and/or directors of Haynes and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy Statement,

they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that Plaintiff contends are false and misleading.

43.     Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy Statement alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

44.     In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same.  The Proxy Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction.  They were thus directly involved in the making of the Proxy Statement.

45.     By virtue of the foregoing, the Individual Defendants violated Section 20(a) of the Exchange Act.

46.     As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the Exchange Act and Rule 14a-9, by their acts and omissions as alleged herein.  By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act.  As a direct and proximate result of defendants' conduct, Plaintiff is threatened with irreparable harm.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment and preliminary and permanent relief, including injunctive relief, in her favor on behalf of Haynes, and against defendants, as follows:

A.      Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction, including the stockholder vote on the Proposed Transaction, unless and until defendants disclose the material information identified above which has been omitted from the Proxy Statement;

B.      In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages to Plaintiff;

C.      Directing the Individual Defendants to file a Proxy Statement that does not contain any untrue statements of material fact;

D.      Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

E.      Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated:  March 28, 2024

**LONG LAW, LLC**

By   /s/ *Brian D. Long*
Brian D. Long (#4347)
3828 Kennett Pike, Suite 208
Wilmington, DE 19807
Telephone: (302) 729-9100
Email: BDLong@longlawde.com

**OF COUNSEL:**

**ACOCELLI LAW, PLLC**
Richard A. Acocelli
53 Hill Street, Suite 152
Southampton, NY 11968
Tel: (631) 204-6187
Email: racocelli@acocellilaw.com

*Attorneys for Plaintiff*